In re Riddell.

---

## No. 7478.

### IN RE MINOR PETER G. RIDDELL.

In an appeal from a judgment, homologating the proceedings of a family meeting whereby real estate of a minor was authorized to be sold, taken by the owner after his majority, the purchaser of the property cannot be made appellee, since he was not a party to the proceedings wherein the judgment was rendered.

The finding of the family meeting upon the advisability and necessity of the sale is conclusive so far as the purchaser is concerned, and it is no reproach to the legality of the meeting that its members have failed to provide for reinvesting the funds of the minor derived or to be derived from the sale.

The fact that some of the names in the order of convocation are different from those in the *procès verbal* of deliberations is of no consequence when the names are *idem sonans*, or nearly so, or when it is manifest the changes are due to clerical errors.

When the proceedings have been regular, and a purchaser in good faith has paid a fair price, courts will not disturb the proceedings under which he has acquired title because of confusion in the names of those who acted as members of the family meeting.

APPEAL from the Second District Court of New Orleans. TISSOT, J.

*Fellows* for Riddell Appellant. *Cotton & Levy* for Kern.

The widow Riddell, natural tutrix of her son Peter, prayed the sale of two lots on Baronne Street, upon which was a one-story shed, of which property Peter was owner, for the reason that the taxes were so burdensome as to consume the revenues, and a sale of it could be made advantageously. Experts were appointed to value the property and a family meeting was convoked. She alleged and swore there

were no relations, and named eight friends who were appointed members. Five of these were *Theo. Wells*, R. F. Hogsett, *J. A. Hogsett*, J. R. Knapp, and Y. A. Woodward, and they composed the meeting, but the order had the first name written Theo. Kells and J. A. Hogsett is in one place G. A. The notary notified the parties named in the order and annexes a copy of it, wherein the first name is written as in the petition, Wells. He then proceeds to state that the five who attended were *Theodore J. Wells*, R. F. Hogsett, *George A. Hogsett, Jr.*, J. R. Knapp and Y. A. Woodward. The meeting was organized and conducted methodically and regularly, save in the matter of these misnomers — was approved by the under-tutor, homologated by the court — and the sale was made for more than the appraisement by public auction, and the property was bought by Henry Kern.

Sometime afterward, Peter attained majority and appealed from the judgment of homologation and order of sale, citing as appellees his mother, J. S. Knapp, his former under tutor, and Henry Kern, the purchaser.

SPENCER, J. It is manifest that Kern cannot be cited as appellee since he was not a party to the decrees appealed from. He had no connection with the proceedings until long after the decrees were rendered. He purchased under them, but that did not make him a party to the suits in which they were rendered. The appeal as to him is simply void and must be disregarded.

We are urged to reverse these decrees on the grounds that no necessity is shewn for the sale, nor even alleged; and no reinvestment of or security for the fund resulting from the sale is provided, advised, or directed; and that the family meeting was improperly constituted.

We must presume the family meeting satisfied themselves of the truth of their finding, that the taxes on this property were so burdensome as to render it unproductive, and that it was to the interest of the minor that it be sold. If the facts were so stated, and we have no right to assume they were otherwise, it was a sufficient reason for the sale. We know no law that requires provision to be made by the meeting in such cases for reinvesting the money, and none requiring the meeting or the court to impose on the natural tutrix the obligation of giving security for the process of a sale that may come into her hands.

The allegation that the family meeting was improperly constituted has no other foundation than the fact that Theodore Wells is sometimes written Kells and he signs Theodore J. Wells, and J. A. Hogsett is in one place G. A. and he signs George A. Hogsett, Jr. It is patent to any one reading the record that these are mere clerical errors. We are not disposed to upset judicial proceedings upon which others have acted and paid their money, upon objections based upon mere confusion in the names of members of the family meeting. No possible good could result to the appellant were we to grant his demand, because the purchaser is not bound to look beyond the decree, and the jurisdiction of the court over the parties and the subject matter. Whether the family meeting was properly organized, whether the evidence before them and the court was sufficient, are matters against which the decree protects the *bona fide* purchaser. Buckner *v.* Wisdom, 31 La. Ann. 58, and cases there cited.

*Judgment affirmed.*